**UNITED STATES of America**

v.

**Marlon BROWN, Appellant.**

No. 04–1784.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR
34.1(a) on Sept. 15, 2005.

Decided Jan. 12, 2006.

Denise S. Wolf, Office of United States Attorney, Philadelphia, PA, for United States of America.

Gregory J. Pagano, Philadelphia, PA, for Marlon Brown.

Before ROTH, MCKEE and FISHER, Circuit Judges.

OPINION

ROTH, Circuit Judge:

Counsel for Marlon Brown has filed a brief pursuant *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), representing that there are no non-frivolous appealable issues. Counsel has also moved to withdraw from the case. Brown was given a copy of the motion and corresponding brief with notice that he could file a *pro se* brief. He has done so, challenging the failure of the District Court to grant a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 and asserting that the award of restitution

was improper and that he was improperly sentenced under *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). The government concedes that the $1500 restitution order should be vacated because it is not related to the offense of conviction.

Brown pled guilty to possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1). The District Court denied the government's motion for upward departure, denied the government's request to impose a four-level enhancement for possession of a firearm in connection with another felony offense under U.S.S.G. § 2K2.1(b)(5), and denied Brown a three-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. Brown's sentence included a forty-six month prison term and restitution of $1,500. Brown has not appealed his conviction, only his sentence.

Jurisdiction was conferred on the District Court by 18 U.S.C. § 3231. A timely notice of appeal was filed. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

Turning to the sentence of imprisonment, a defendant's claim, pursuant to *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), asserted for the first time on appeal, is subject to plain error review. *United States v. Davis,* 407 F.3d 162, 164–65 (3d Cir.2005). Although Brown has not expressly raised a *Booker* challenge in his appeal, we will nonetheless proceed as though that challenge was made. *United States v. Urban,* 404 F.3d 754, 783 n. 12 (3d Cir.2005) ("We will vacate the sentences of Appellants ... even though they have not expressly indicated that they wish to challenge their sentences under *Booker.*").

Where, as here, the District Court imposed sentence and treated the "Guidelines as mandatory rather than advisory," the defendant's claim survives scrutiny under plain error review. *Davis,* 407 F.3d at 164. In these circumstances, "we will decide claims of error related to the conviction, vacate the sentence, and remand for consideration of the appropriate sentence by the District Court in the first instance." *Id.* at 166.

On resentencing, the District Court shall not reimpose the order of restitution. Furthermore, because this case is being remanded for resentencing, we will deny counsel's motion to withdraw.

For the reasons stated above, we will affirm Brown's conviction, vacate his sentence and remand for resentencing consistent with *Booker.*